**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jasper BROZOVICH, Defendant-**
**Appellant.**

**No. 71-2661.**

United States Court of Appeals,
Ninth Circuit.

July 21, 1972.

Anthony Savage (argued), of Kempton, Savage & Gossard, Seattle, Wash., for defendant-appellant.

Stuart F. Pierson, Asst. U. S. Atty. (argued) Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CARTER and GOODWIN, Circuit Judges, and BATTIN, District Judge.*

PER CURIAM:

Jasper Brozovich appeals from a conviction of perjury committed before a grand jury investigating corruption in the Seattle Police Department.

There was sufficient evidence to support a finding that Brozovich had lied under oath while testifying before the grand jury. The principal contention on appeal was that the lie was not on a material subject. The appellant also asserts that the matter about which he testified falsely was not within the scope of investigation of any crime of which federal courts have jurisdiction.

 The appeal asserts, in effect, that questions about clandestine payments to police officers by cardroom operators, regardless of the truth of the answers, could have nothing to do with interstate transportation of gambling paraphernalia, or any other federal offense. We disagree.

A United States Attorney and a federal grand jury have considerable latitude in the investigation of possible violations of federal law. An investigation has to start somewhere. A grand jury investigating allegations about organized crime, corruption of local police, and matters related thereto, may or may not develop evidence leading to actual convictions for violations of federal law. Nonetheless, the grand jury has a right to inquire into the facts to determine whether or not someone should be indicted. We have no difficulty in holding that questions about police bribes can be material in an investigation of possible violations of 18. U.S.C. §§ 1952 and 1953, among other statutes. The trial court was clearly correct in holding that if the appellant lied, he lied about a material matter.

Other points were urged in the brief and argument, but none presents any basis for reversal.

Affirmed.